**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEGRAND NORTH AMERICA, INC. and ) <br> INSOURCE PERFORMANCE SOLUTIONS,) <br> LLC, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO. \_\_\_\_\_ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kendell C. Nichols ("Nichols") who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission ("Commission") alleges that LeGrand North America, Inc. ("LeGrand") and Insource Performance Solutions, LLC, formerly doing business as Insource Contract Services, LLC, ("Insource"), (sometimes collectively "Defendants"), failed to provide Nichols with a reasonable accommodation and subsequently terminated him from employment because of his disability, or in the alternative, discharged Nichols because it perceived him as disabled, in violation of the ADA, as amended. Defendants actions violated sections 102(a) and 102(b)(5)(A) or 102(b)(1) of the ADA, 42 U.S.C. § 12112.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Rock Hill Division. This lawsuit is being filed in the Rock Hill Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Rock Hill Division.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant LeGrand has continuously been a Delaware corporation doing business in the State of South Carolina and the City of Fort Mill, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant LeGrand has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §

2

12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant LeGrand controlled aspects of Nichols' terms and conditions of employment with Defendant Insource and was therefore a joint employer of Nichols within the meaning of Section 12111 of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

7. In the alternative, at all relevant times, Defendant LeGrand interfered with Nichols' employment opportunities with Defendant Insource. Defendant LeGrand was responsible for its warehouse distribution facility ("LeGrand facility") located in Fort Mill, South Carolina where Nichols worked through his direct employer Defendant Insource. Defendant LeGrand controlled Nichols' access to the LeGrand facility and thus controlled his access to employment opportunities with Defendant Insource.

8. At all relevant times, Defendant LeGrand has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9. At all relevant times, Defendant Insource has continuously been a Delaware corporation doing business in the State of South Carolina and the City of Fort Mill, and has continuously had at least fifteen employees. Defendant Insource, as an "employment agency," has procured for employees the opportunities to work for a covered employer, within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

10. At all relevant times, Defendant Insource has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

11. At all relevant times, Defendant Insource has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit, Nichols filed a charge with the Commission alleging violations of Title I of the ADA by Defendant LeGrand. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. More than thirty days prior to the institution of this lawsuit, Nichols filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Insource. All conditions precedent to the institution of this lawsuit have been fulfilled.

14. Nichols was hired by Defendant Insource on or about October 5, 2009, to work as a forklift driver at the LeGrand facility. Although Nichols was hired by Insource, LeGrand supervisors could and did instruct Insource employees, including Nichols, on various aspects of the employees' terms and conditions of employment.

15. Beginning on or around June 26, 2010 continuing through at least June 28, 2010, Defendants engaged in unlawful employment practices at the LeGrand facility in Fort Mill, South Carolina, in violation of Sections 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5)(A), 42 U.S.C. § 12112. As described more fully below, Defendants discriminated against Nichols, who suffers from a disability, by failing to provide him with a reasonable accommodation and by terminating Nichols because of his disability.

16. Nichols suffers from asthma, an episodic condition, which when active, substantially limits Nichols ability to breathe. At all relevant times, Nichols was a qualified individual with a disability within the meaning of the ADA and could perform the essential functions of his job as a forklift driver at the LeGrand facility. In or around December 2009, Nichols informed Defendant Insource of his disability. In or around June 26, 2010, Nichols again informed Defendant Insource of his disability and informed Defendant LeGrand of his disability.

17. On or about June 26, 2010, Defendants instructed Nichols to count inventory at the LeGrand facility. Due to the heat at the height within the facility at which the inventory was located (near the ceiling), Nichols asthma was aggravated by the heat. Thus, because of his disability, Nichols used his forklift to lower inventory to the warehouse floor in order to complete the inventory count. When approached and questioned by a LeGrand supervisor as to why Nichols was counting inventory in this manner instead of standing on top of an order picker (equipment that lifted Nichols into the air), Nichols informed the LeGrand supervisor of his disability and requested an accommodation that he be permitted to use his forklift to assist him in the inventory count instead of standing on the order picker. The LeGrand supervisor told Nichols that because of his disability and need for an accommodation;, Nichols was no longer needed at LeGrand's facility. The LeGrand supervisor further told Nichols something to the effect of: "go home." Defendant LeGrand denied Nichols the requested accommodation.

18. Immediately thereafter, on or about June 26, 2010, Nichols informed Defendant Insource, through both an on-site Insource supervisor and an on-site Insource operations manager, about his disability and requested an accommodation to perform the inventory counting assignment by using his forklift. In response, the Insource operations manager conferred with

the LeGrand supervisor and sent Nichols home, denying Nichols a reasonable accommodation. At the direction of both Defendant Insource's operations manager and the LeGrand supervisor, Nichols clocked out and left Defendant LeGrand's facility on or about June 26, 2010. Nichols had previously informed Insource of his disability in or around December 2009.

19. On or about June 28, 2010, Defendants terminated Nichols because of his disability. Specifically, on or about June 28, 2010, Nichols returned to work and was told by Defendants that he was being terminated for failure to complete the inventory counting assignment on or about June 26, 2010. Nichols again informed Defendants that he suffers from asthma and could not complete the assignment in the manner Defendants instructed, and that he needed a reasonable accommodation to perform the assignment. Defendants did not alter their decision to terminate Nichols. Representatives from both Insource and LeGrand attended the June 28, 2010 termination meeting wherein the LeGrand supervisor informed Nichols of his termination.

20. In the alternative, Defendants perceived Nichols as being disabled as a result of his asthma. Defendant perceived Nichols as being substantially limited in working and/or breathing. Defendant terminated Nichols on June 28, 2010 because of his asthma.

21. The effect of the practices complained of above have been to deprive Nichols of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

22. The unlawful employment practices complained of above were intentional.

23. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Nichols.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

B. Order Defendants to make whole Nichols by providing appropriate back pay with prejudgment interest and other affirmative relief necessary to eradicate the effects of their unlawful employment practices described above, in amounts to be determined at trial.

C. Order Defendants to make whole Nichols by providing compensation for past and future pecuniary loses resulting from the unlawful employment practices above, in amounts to be determined at trial.

D. Order Defendants to make Nichols whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

E. Order Defendants to pay Nichols punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 14th day of September, 2011.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507


LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

**s/ NICHOLAS WALTER**
NICHOLAS WALTER
Trial Attorney (Fed. Bar No. 9975)
Email: nicholas.walter@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone:    704.954.6472
Facsimile:    704.954-6412

ATTORNEYS FOR PLAINTIFF